IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN BAGINSKI | ) | CASE NUMBER: |
| 5672 Onaway Oval | ) | |
| Parma, OH 44130 | ) | |
| | ) | |
| Plaintiff | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | |
| NORTH COAST LOGISTICS, INC. | ) | |
| 18901 Snow Road | ) | |
| Brook Park, OH 44142 | ) | |
| | ) | **COMPLAINT** |
| Also Serve Statutory Agent: | ) | |
| BKK SERVICE CORP. | ) | (Jury Demand Endorsed Hereon) |
| 30799 Pinetree Road, #417 | ) | |
| Pepper Pike, OH 44124 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, Brian Baginski ("Plaintiff"), for his Complaint against Defendant,

North Coast Logistics, Inc. ("NCL") ("Defendant"), and states as follows in pertinent part:

**PARTIES, JURISDICTION, AND VENUE**

1.      Brian Baginski resides at 5672 Onaway Oval, Parma, Ohio (Cuyahoga County), and was

formerly employed by North Coast Logistics, Inc.

2.      North Coast Logistics, Inc. ("NCL") is an Ohio corporation doing business in the State of

Ohio and specifically in the City of Brook Park, County of Cuyahoga with an address of 18901

Snow Road, Brook Park, Ohio.

3.      Jurisdiction is invoked in this matter pursuant to 29 U.S.C. § 2617; 29 U.S.C. § 1331; and other applicable law.

4.      This action is authorized and instituted pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq* ("FMLA"), Ohio Fair Employment Practices Act, ORC 4122.02 *et seq.* and other applicable law.

5.      The unlawful employment practices as alleged below were committed within the jurisdiction of the U.S. District Court for the Northern District of Ohio and, at all relevant times, Defendant employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII of 42 U.S.C. § 2000e(b)(g) and (h).

6.      The unlawful employment practices and discrimination perpetrated by agents and employees of include interference with Plaintiff's right to medically related leave under FMLA, retaliation for exercising his rights under the FMLA, and discrimination on basis of his disability in violation of Fair Employment Practices Act.

7.      Plaintiff was hired by Defendant in January 2005.

8.      On or around September 2020, Plaintiff worked second shift as a warehouse supervisor.

9.      On September 22, 2020, Plaintiff contacted the general manager, Jason Reinhardt, and called off due to a worsening medical condition that required urgent medical care.   Plaintiff received antibiotics from Fairview Urgent Care.   They advised Plaintiff to not return to work until September 26, 2020.

10.     Plaintiff emailed Defendant along with the Urgent Care medical note indicating he could not return to work until September 26, 2020.

11.     On September 25, 2020, Plaintiff's infection had worsened requiring him to seek immediate treatment at the emergency room where he was later admitted into the hospital.

12.     On September 26, 2020, Metro Health Hospital transferred Plaintiff to its Main Campus in order for Plaintiff to undergo emergency surgery.

13.     On the morning of September 28, 2020 (his next scheduled shift), Plaintiff called Ms. Taylor in Human Resources and advised her that he was in the hospital and would not be able to work his scheduled shift on September 28, 2020.

14.     On October 1, 2020, Plaintiff was discharged from the hospital.

15.     After discharge, Plaintiff went to Defendant and spoke with Ms. Taylor about his medical condition and the upcoming doctors' visits that were scheduled.   He advised her he was told to remain off work until he was released by his doctors.

16.     Plaintiff was set up with two follow up appointments scheduled with his orthopedic surgeon and trauma surgery on October 13, 2020 and October 14, 2020, respectively.

17.     Plaintiff's physical impairment substantially limited his ability to work.

18.     After his discharge on October 1, 2020, Plaintiff provided a physical copy of his hospital discharge report to Ms. Taylor who made a copy and advised her he could not return to work until released by his doctors.

19.     On October 13, 2020, Plaintiff went to one of his follow up appointments and the wound was not healing as well as it should have been and he was given another dose of antibiotics and a follow up appointment was scheduled for October 20, 2020.

20.     On October 20, 2020, Metro Health Orthopedics released Plaintiff to return to work with no restrictions.

21.     Later that day, Plaintiff showed up for his scheduled second shift and provided Defendant with his medical release.

22.     After Plaintiff provided the medical release, Defendant terminated Plaintiff claiming that he voluntarily resigned due to his "job abandonment."

## COUNT II:    Family Medical Leave Act Violations

23.     Plaintiff's injury and resulting complications qualified as a serious health condition within the meaning of FMLA.

24.     Because Plaintiff was eligible for the protections of the FMLA, Defendant was required by 29 U.S.C. §§ 2612-2614 and 29 C.F.R §§ 835.200, 825.214, 825.215 and other applicable statutory and regulatory provisions to afford him medical leave and restore him to his position, or to an equivalent position with equivalent pay and other terms and conditions.   Defendant also was prohibited by 29 U.S.C. §2615 and other statutory and regulatory provision from retaliating against Plaintiff for exercising or attempting to exercise his rights under the FMLA.

25.     Plaintiff in requesting a medical leave and restoration to his position acted reasonably and in good faith and afforded Defendant as much notice as practicable under the circumstances.

26.     Defendant willfully and in bad faith violated the FMLA and regulations promulgated to implement the FMLA by, *inter alia*,

    a.  Knowingly interfering with Plaintiff's proper exercise of his rights under the FMLA;

    b.  Knowingly retaliating against Plaintiff for his requests for medical leave and his proper exercise of his rights under the FMLA;

    c.  Wrongfully discharging Plaintiff or otherwise terminating his employment because he exercised or attempted to exercise his rights under the FMLA;

  d. Refusing to recognize his plainly apparent need for medical leave of absence under the FMLA;

  e. Refusing to restore Plaintiff to his warehouse supervisor position or an equivalent position upon his return from leave;

  f. Falsely stating that Plaintiff had involuntarily resigned his position with Defendant for taking leave afforded to him under the FMLA

27. As a direct and proximate result of Defendant's violations of the FMLA and associated regulations, Plaintiff has sustained and shall continue to suffer lost salary, fringe benefits and other forms of compensation; lost career opportunities, humiliation and mental anguish; and other pecuniary and nonpecuniary damages, injuries and losses.

## COUNT III:   Disability Discrimination

28. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

29. Plaintiff's physical impairment substantially limited his ability to work and was therefore defined as a disability under Ohio law from on or around September 22, 2020 to October 19, 2020.

30. At the time of his termination, Plaintiff had a disability or Defendant perceived Plaintiff as having a disability, under Ohio law, and he was qualified for his position at all relevant times.

31. Defendant took the above-described adverse employment actions, including but not limited to, terminating Plaintiff's employment on account of his disability or perceived disability, harassing him and treating him differently than non-disabled employees.

32. Plaintiff was replaced by a non-disabled individual and Defendant's above-described actions allowed Defendant to retain non-disabled employees.

33. Defendant's actions violate ORC § 4112.02.   As a result of Defendant's misconduct, Plaintiff has suffered damages and is entitled to judgment under ORC §4112.99.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

a. Plaintiff be reinstated to his employment.

b. Actual damages in the form of back pay to include fringe benefits and other forms of compensation and front pay to include fringe benefits and other forms of compensation;

c. Liquidated damages;

d. Punitive damages;

e. Attorney's fees;

f. Other legal and equitable relief to which he may be entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on any and all issues set forth in this Complaint to the maximum number of jurors permitted by law.

Respectfully submitted,

*/s/ Dennis R. Fogarty*

DENNIS R. FOGARTY (0055563)
**DAVIS & YOUNG**
29010 Chardon Road
Willoughby Hills, OH 44092
T: (216) 348-1700
F: (216) 621-0602
Email: dfogarty@davisyoung.com
*Attorney for Plaintiff*